## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 21-cr-00192-RM

UNITED STATES OF AMERICA

      Plaintiff,

v.

1.    ROBERT REGER and
2.    DAVID LYTLE,

      Defendants.

---

## DEFENDANTS ROBERT REGER AND DAVID LYTLE'S PROPOSED JURY INSTRUCTIONS

---

    Robert Reger and David Lytle, by and through their respective counsel, hereby submit the following proposed jury instructions. Both men reserve the right to modify these requested instructions, withdraw instructions or submit additional instructions as this matter progresses. The following instructions reflect whether they are designated as Competing or Non-Stipulated.

**DEFENDANTS REGER AND LYTLE INSTRUCTION NO. __**

*Competing with Government Instruction No. 4*

**1.05**

**(PRESUMPTION OF INNOCENCE-BURDEN OF PROOF—REASONABLE DOUBT)**

The government has the burden of proving each defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his or her innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find the defendant guilty. If, on the other hand, you think there is a real possibility that the defendant is not guilty, you must give the defendant the benefit of the doubt and find the defendant not guilty.

You will recall at the beginning of trial, during my preliminary instructions, I told you that the defendant had pleaded not guilty and that he is presumed innocent. I repeat this admonition to you now, and I stress he continues to be presumed innocent, including, most important, through your deliberations. The defendant's presumption of innocence is

2

extinguished only upon the jury's determination that guilt has been established beyond a reasonable doubt.

Sources:

- Tenth Cir. Crim. Pattern Instr. 1.05

- *United States v. Starks*, 34 F.4th 1142, 1159 (10th Cir. 2022) ("the presumption [of innocence] (1) remains with the accused throughout every stage of the trial, including, most importantly, the jury's deliberations, and (2) is extinguished only upon the jury's determination that guilt has been established beyond a reasonable doubt"); *see also Mahorney v. Wallman*, 917 F.2d 469, 472 n.2 (10th Cir. 1990) ("We consider the prosecutor's comments impermissible because they undermined two fundamental aspects of the presumption of innocence, namely that the presumption (1) remains with the accused throughout every stage of the trial, including, most importantly, the jury's deliberations, and (2) is extinguished only upon the *jury's* determination that guilt has been established beyond a reasonable doubt.")

**DEFENDANTS REGER AND LYTLE INSTRUCTION NO. __**

***Competing with Government Instruction No. 5***

**1.06**
**(EVIDENCE—DEFINED)**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Sometimes evidence was admitted only for a particular purpose and not generally for all purposes. For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose not specifically mentioned.

4

Source:

Tenth Cir. Crim. Pattern Instr. § 1.06 (modified to include the last paragraph regarding limited purpose evidence)

**DEFENDANTS REGER AND LYTLE INSTRUCTION NO. __**

***Competing with Government Instruction No. 13***

**1.19**

**(CAUTION—CONSIDER ONLY CRIME CHARGED)**

You are here to decide whether the government has proved beyond a reasonable doubt that each defendant is guilty of the crimes charged. Each defendant is not on trial for any act, conduct, or crime not charged in the indictment. It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether each defendant has been proved guilty of the crimes charged except to this extent: the conduct of, and communications by, others may bear on the defendants' intent to defraud if the evidence shows or fails to show such conduct and communications of others were known to the defendants.

Source: 10th Circuit Pattern Jury Instructions, No. 1.19 (2021) and Use Note observing:

"Modification of this instruction will be necessary in those cases where the evidence necessarily raises the question of the guilt of others such as conspiracy or aiding and abetting."; and *United States v. Cortez-Nieto*, 43 F.4th 1034, 1042 (10th Cir. 2022) (crediting defendant's claim that phrase 'guilt of others should not enter your thinking" can "have an improper effect" under certain circumstances and stating: "There is enough force to this argument for us to recommend modifying the language of the instruction in similar future cases").

6

**DEFENDANTS REGER AND LYTLE INSTRUCTION NO. __**

**1.01**

**(INDICTMENT)**

The Indictment charges Mr. Reger with conspiracy to commit wire fraud and mail fraud (Count One), wire fraud (Counts Two through Seven), and mail fraud (Counts Fourteen through Twenty). The Indictment charges Mr. Lytle with conspiracy to commit wire fraud and mail fraud (Count One), wire fraud (Counts Two through Thirteen), and mail fraud (Counts Fourteen through Twenty). The Indictment is simply the description of the charges made by the government against the defendants; it is not evidence of guilt or anything else. Both Mr. Reger and Mr. Lytle are presumed innocent unless proven guilty beyond a reasonable doubt.

A copy of the indictment follows:

Source:

Tenth Cir. Crim. Pattern Instr. § 1.01

**DEFENDANT INSTRUCTION NO. __**

***Competing with Government Instruction No. 17***

**1.37**

**(KNOWINGLY DEFINED)**

When the term "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

Source:

Tenth Cir. Crim. Pattern Instr. § 1.37

This case is inappropriate for a deliberate-ignorance instruction. As the comments to the pattern instruction state, "Although the deliberate ignorance instruction in general was discouraged, it may be given 'when the Government presents evidence that the defendant purposely contrived to avoid learning all of the facts in order to have a defense in the event of prosecution,'" quoting *United States v. Delreal-Ordones*, 213 F.3d 1263, 1268 (10th Cir. 2000) (internal quotation marks omitted). *See also United States v. McConnel*, 464 F.3d 1152, 1159 (10th Cir. 2006) (deliberate ignorance instruction only appropriate in rare circumstances).

**DEFENDANT INSTRUCTION NO. __**

***Competing with Government Instruction No. 19***

**2.19**

**(CONSPIRACY--ELEMENTS)**

The defendants are charged in Count One with conspiracy to commit wire fraud and mail fraud in violation of 18 U.S.C. § 1349.

This law makes it a crime to conspire or agree with somebody to do something that, if actually carried out, would result in the crime of wire fraud and mail fraud. I will instruct you in a moment about wire fraud and mail fraud, which are the offenses charged in Counts Two through Twenty. You should refer to those instructions regarding the elements of wire fraud and mail fraud.

To find a defendant guilty of conspiracy to commit wire fraud and mail fraud, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*: the defendant agreed with at least one other person to commit wire fraud and mail fraud.

*Second*: the defendant knew the essential objective of the conspiracy.

*Third*: the defendant knowingly and voluntarily participated in the conspiracy.

*Fourth*: there was interdependence among the members of the conspiracy. That is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

Sources:

- Tenth Cir. Crim. Pattern Instr. § 2.19

- O'Malley, Grenig, & Lee, Fed. Jury. Prac. & Instr. Crim Comp HB § 25:4 ("Title 18, United States Code, Section 1349 makes it a crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of bank fraud, wire fraud, or both.")

- Eleventh Circuit Pattern Instructions (Criminal) Offense Inst. O13.1 (2020 ed.) ("It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.")

- Eleventh Circuit Pattern Instructions (Criminal) Offense Inst. 54 (2010 ed.) ("It is a federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of mail fraud or wire fraud.")

- *United States v. Bohuchot*, 625 F.3d 892, 902 (5th Cir. 2010) (It is "a crime for anyone to conspire or agree with someone else to do something that, if actually carried out, would be a violation of" another federal law.)

10

**DEFENDANTS REGER AND LYTLE INSTRUCTION NO. __**

***Competing with Government Instruction No. 21***

**2.57**

**(WIRE FRAUD—ELEMENTS--DEFINITIONS)**

Defendant Robert Reger is charged in Counts Two through Seven with violations of 18 U.S.C. § 1343. Defendant David Lytle is charged in Counts Two and Thirteen with violations of 18 U.S.C. § 1343. This law makes it a crime to use interstate wire communication facilities in carrying out a scheme to defraud. A scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises is a specific type of a scheme to defraud.

To find a defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant devised or intended to devise a scheme to defraud, as alleged in the indictment;

*Second*: the defendant acted with specific intent to defraud**,** that is, the intent to deceive and cheat;

*Third*: the defendant used interstate or foreign wire communications facilities or caused another person to use interstate or foreign wire communications facilities for the purpose of carrying out the scheme; and

*Fourth*: the scheme employed false representations or promises that were material, that is, the scheme employed false representations or promises that were reasonably calculated to deceive persons of ordinary prudence or comprehension.

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

11

A "scheme to defraud" includes a scheme to deprive another of money or property.

An "intent to defraud" means an intent to deceive and cheat someone. To deceive is to employ false or misleading statements or means, to cause another to accept as true or valid what is false or invalid. To cheat is to deprive a person of anything of value.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.

A representation would also be "false" when it constitutes a half-truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person to which it is addressed. A statement can be material even though only an unreasonable person would rely on it, if the maker knew or had reason to know his victim was likely to rely on the statement.

To use "wire communications facilities" includes transmitting information electronically or by telephone.

For purposes of Counts Two through Thirteen the parties have stipulated that the communication alleged in each count was transmitted by way of wire communication and in interstate commerce.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Sources:

- Tenth Cir. Crim. Pattern Instr. § 2.57

- *United States v. Davis*, 226 F.3d 346, 359 (5th Cir. 2000) ('a statement could indeed be material, even though only an unreasonable person would rely on it, if the maker knew or had reason to know his victim was likely so to rely")

- Ninth Cir. Crim. Pattern Instr. 15.32 (requiring jury to find with respect to the intent element that "the defendant acted with the intent to defraud; that is, the intent to deceive and cheat");

- *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020) (emphasis in original) (stating in light of *Shaw v. United States*, 580 U.S. 63 (2016), that "we have no trouble concluding that this instruction was erroneous. Like the mail fraud statute from which it is derived, the wire fraud statute, in plain and simple language, criminalizes the use of interstate wires to further, not mere deception, but a scheme or artifice to defraud or obtain money or property, *i.e.*, in everyday parlance, to cheat someone out of something valuable. It follows that to be guilty of wire fraud, a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a defendant must intend to deceive *and* cheat.");

- *United States v. Greenlaw*, 84 F.4th 325, 350 (5th Cir. 2023) (emphasis in original and some internal punctuation removed) (As to the 'intent to defraud' instruction, we agree with Appellants that the disjunctive "or" makes it a misstatement of law. Under a plain reading of the instruction given, the jury could find that the Government proved an 'intent to defraud' if Appellants merely exhibited a "conscious, knowing intent to deceive ... someone.' But we have already explained that deception is not synonymous with depriving another of their property interests. The Government provides no argument refuting this construction of the intent to defraud language which is directly at odds with our caselaw holding that a jury cannot convict a defendant under the fraud statutes based on deceit alone. Indeed, it has long been our understanding that an 'intent to defraud' requires an intent to (1) deceive, *and* (2) cause some harm to result from the deceit.")

- The definition of "deceive" is "to cause to accept as true or valid what is false or invalid." Merriam Webster Dictionary (2023).

- The definition of "cheat" is taken from *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020) ("Miller could theoretically have been convicted of deceiving [the victim, a firm where he worked] (as, for example, through the false ledger entries), even if he had no intent to cheat [the victim] that is to, "deprive [the victim] of something valuable by the use of deceit or fraud," Merriam-Webster's Collegiate Dictionary, 10th ed. (1997).)"

**DEFENDANTS REGER AND LYTLE INSTRUCTION NO. __**

*Competing with Government Instruction No. 22*

**2.56**

**(MAIL FRAUD—ELEMENTS—DEFINITIONS)**

The defendants are charged in Counts Fourteen through Twenty with a violation of 18 U.S.C. § 1341. This law makes it a crime to use the mails in carrying out a scheme to defraud.

To find a defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant devised or intended to devise a scheme to defraud, as alleged in the indictment;

*Second*: the defendant acted with specific intent to defraud, that is, the intent to deceive and cheat;

*Third*: the defendant mailed something or caused another person to mail something through the United States Postal Service for the purpose of carrying out the scheme; and

*Fourth*: the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

An "intent to defraud" means an intent to deceive and cheat someone. To deceive is to employ false or misleading statements or means, to cause another to accept as true or valid what is false or invalid. To cheat is to deprive a person of anything of value.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a

14

half-truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed. A statement can be material even though only an unreasonable person would rely on it, if the maker knew or had reason to know his victim was likely to rely on the statement.

What must be proved beyond a reasonable doubt is that the defendant devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mails was closely related to the scheme, in that the defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme. To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails to be used.

Sources:

- Tenth Cir. Crim. Pattern Instr. § 2.57

- *United States v. Davis*, 226 F.3d 346, 359 (5th Cir. 2000) ('a statement could indeed be material, even though only an unreasonable person would rely on it, if the maker knew or had reason to know his victim was likely so to rely")

- Ninth Cir. Crim. Pattern Instr. 15.32 (requiring jury to find with respect to the intent element that "the defendant acted with the intent to defraud; that is, the intent to deceive and cheat");

- *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020) (emphasis in original) (stating in light of *Shaw v. United States*, 580 U.S. 63 (2016), that "we have no trouble concluding that this instruction was erroneous. Like the mail fraud statute from which it is derived, the wire fraud statute, in plain and simple language, criminalizes the use of interstate wires to further, not mere deception, but a scheme or artifice to defraud or

15

obtain money or property, *i.e.*, in everyday parlance, to cheat someone out of something valuable. It follows that to be guilty of wire fraud, a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a defendant must intend to deceive *and* cheat.");

- *United States v. Greenlaw*, 84 F.4th 325, 350 (5th Cir. 2023) (emphasis in original and some internal punctuation removed) (As to the 'intent to defraud' instruction, we agree with Appellants that the disjunctive "or" makes it a misstatement of law. Under a plain reading of the instruction given, the jury could find that the Government proved an 'intent to defraud' if Appellants merely exhibited a "conscious, knowing intent to deceive ... someone.' But we have already explained that deception is not synonymous with depriving another of their property interests. The Government provides no argument refuting this construction of the intent to defraud language which is directly at odds with our caselaw holding that a jury cannot convict a defendant under the fraud statutes based on deceit alone. Indeed, it has long been our understanding that an 'intent to defraud' requires an intent to (1) deceive, *and* (2) cause some harm to result from the deceit.")

- The definition of "deceive" is "to cause to accept as true or valid what is false or invalid." Merriam Webster Dictionary (2023).

- The definition of "cheat" is taken from *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020) ("Miller could theoretically have been convicted of deceiving [the victim, a firm where he worked] (as, for example, through the false ledger entries), even if he had no intent to cheat [the victim] that is to, "deprive [the victim] of something valuable by the use of deceit or fraud," Merriam-Webster's Collegiate Dictionary, 10th ed. (1997).)"

**DEFENDANTS REGER AND LYTLE INSTRUCTION NO. __**

***Objection and Competing with Government Instruction No. 24***

**2.57 -- AIDING AND ABETTING**

Mr. Reger and Mr. Lytle object to the government's proposed Instruction No. 24, permitting jurors to convict on a theory that either defendant aided and abetted others in committing the charged offenses. The facts place this case into a category to which the Supreme Court has explicitly questioned whether aiding-and-abetting law should extend.

This case is like one conjured by the Court in its seminal treatment of aiding and abetting, in footnote 8 of *Rosemond v. United States*, 572 U.S. 65 (2014). After surveying the Court's precedents on the topic, the Court concluded in the text of the opinion: "So for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission." *Id*. at 77. It then added important subtext, note 8: "We did not deal in these cases [the precedents described above], nor do we here, with defendants who incidentally facilitate a criminal venture rather than actively participate in it. A hypothetical case is the owner of a gun store who sells a firearm to a criminal, knowing but not caring how the gun will be used. We express no view about what sort of facts, if any, would suffice to show that such a third party has the intent necessary to be convicted of aiding and abetting." (*Id*. at 77, n.8).

The hypothetical case removed from *Rosemond*'s reach resembles the facts alleged here. The government accuses each defendant of stepping into the shoes of the gun-shop owner, charging him with responsibility for crimes committed by third parties, crimes facilitated by products he (in the eyes of the government) sold them. The Supreme Court, however, has yet to hold that such a seller can be liable under an aiding-and-abetting theory of liability. As the Court

put it, "We express no view about what sort of facts, <u>if any</u>, would suffice to show that such a third party has the intent necessary to be convicted of aiding and abetting."

Alternatively, if the court here overrules the defense objection and decides the case merits an aiding-and-abetting instruction, Mr. Reger and Mr. Lytle offer this instruction instead of the government's proposed charge:

**DEFENDANTS REGER AND LYTLE INSTRUCTION NO. __**

*Objection and Competing with Government Instruction No. 24*

**2.57**

**AIDING AND ABETTING**

The law makes it a crime to intentionally help someone else commit a crime, such as the crimes charged in Counts Two through Twenty. To find a defendant guilty of any one of these crimes, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* every element of the charged crimes in Counts Two through Twenty was committed by someone other than the defendant, and

*Second:* the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him. So for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Sources:

- 10th Cir. Pattern Crim. Jury Instr. § 2.06 (2021) (modified to omit text of 18 U.S.C. s. 2);

- *Rosemond v. United States*, 572 U.S. 65, 77 (2014) (So for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission.")

**DEFENDANTS REGER AND LYTLE INSTRUCTION NO. __**

***Non-Stipulated***

There are various statutes and regulations that govern the content of marketing related mailings, but neither defendant is accused of violating any of these statutes or regulations.

**DEFENDANT REGER'S INSTRUCTION NO. __**

***Non-Stipulated***

**1.09**

**(EVIDENCE OF GOOD CHARACTER)**

[Defendant Robert Reger has offered evidence of his reputation for good character.] [Defendant Robert Reger has offered evidence of someone's opinion as to his good character.] You should consider such evidence along with all the other evidence in the case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Source:

10th Circuit Pattern Jury Instructions, No. 1.09 (2021)

**DEFENDANT LYTLE'S INSTRUCTION NO. __**

*Non-Stipulated*

**1.09**

**(EVIDENCE OF GOOD CHARACTER)**

[Defendant David Lytle has offered evidence of his reputation for good character.]

[Defendant David Lytle has offered evidence of someone's opinion as to his good character.]

You should consider such evidence along with all the other evidence in the case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Source:

10th Circuit Pattern Jury Instructions, No. 1.09 (2021)

**DEFENDANT REGER'S INSTRUCTION NO. __**

*Non-Stipulated*

**1.09.1**

**(EVIDENCE OF REPUTATION FOR HONESTY)**

Defendant Robert Reger has offered evidence in the form of reputation for honesty and integrity. You should consider such evidence along with all the other evidence in the case.

Evidence in the form of reputation for honesty and integrity may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of honesty and integrity would commit such a crime. Evidence in the form of reputation of a defendant's honesty and integrity may be inconsistent with those traits of character ordinarily involved in the commission of the crime charged, and may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Source:

10th Circuit Pattern Jury Instructions, No. 1.09.1 (2021)

**DEFENDANT LYTLE'S INSTRUCTION NO. __**

***Non-Stipulated***

**1.09.1**

**(EVIDENCE OF REPUTATION FOR HONESTY)**

Defendant David Lytle has offered evidence in the form of reputation for honesty and integrity. You should consider such evidence along with all the other evidence in the case.

Evidence in the form of reputation for honesty and integrity may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of honesty and integrity would commit such a crime. Evidence in the form of reputation of a defendant's honesty and integrity may be inconsistent with those traits of character ordinarily involved in the commission of the crime charged, and may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Source: 10th Circuit Pattern Jury Instructions, No. 1.09.1 (2021)

**DEFENDANTS REGER AND LYTLE INSTRUCTION NO. _____**

*Non-Stipulated*

**(GOOD FAITH DEFENSE GENERALLY)**

One of the issues in this case is whether the defendant acted in good faith. Good faith is a complete defense to the crime of wire fraud, mail fraud, and conspiracy to commit wire and mail fraud if the defendant did not act with the intent to defraud, which is an element of the charges. The essence of the good-faith defense is that one who acts with honest intentions cannot be convicted of a crime requiring fraudulent intent.

Good faith includes, among other things, an opinion or belief that is honestly held, even if the opinion is in error or the belief is mistaken. However, even though a defendant honestly held a certain opinion or belief, such as a belief that a business venture was operating lawfully, a defendant does not act in good faith if he or she also knowingly made false or fraudulent representations or promises, or otherwise acted with the intent to defraud or deceive another. Proof of fraudulent intent requires more than proof that a defendant only made a mistake in judgment or management or was careless.

The government has the burden of proving beyond a reasonable doubt that the defendant acted with the intent to defraud. Evidence that the defendant acted in good faith may be considered by you, together with all the other evidence, in determining whether or not the defendant acted with the intent to defraud.

Sources:
Pattern Crim. Jury Instr. 8th Cir. 9.08A;
Instruction given to jurors in *United States v. Barnes*, No. 18-31074 (E.D. La. 2019), discussed and applauded in government's brief on appeal. *See* 2019 WL 3409777 at 99. *See also United States v. Barnes*, 979 F.3d 283, 316 (5th Cir. 2020) (approving district court's instructions).

**DEFENDANTS REGER AND LYTLE INSTRUCTION NO. _____**

*Non-Stipulated*

**(ADVICE OF COUNSEL)**

One element that the government must prove beyond a reasonable doubt is that the defendants had the unlawful intent to defraud others in order to obtain something of value. Evidence that the defendants in good faith followed the advice of lawyers working for Epsilon Corporation's Legal Department would be inconsistent with such an unlawful intent. Unlawful intent has not been proved if the defendants, before acting, (1) made full disclosure of all material facts to lawyers in the Legal Department, or if the lawyers in the Legal Department were generally aware of the material facts; (2) received the Legal Department's advice as to the specific course of conduct that was followed, and (3) reasonably followed the Legal Department's recommended course of conduct or advice in good faith.

Source:

Model Crim. Jury Instr. 9th Cir. 4.11 (2023)

*United States v. DeFries*, 129 F.3d 1293, 13080-09 (D.C. Cir. 1997) (rejecting government's argument that defendants "failed to disclose several material facts" to counsel and holding: "The evidence clearly indicates, however, that [counsel] was generally aware of how the union operated . . . at the time he issued his final opinion that the payment of the severance benefits was legal. No client ever tells his or her lawyer every single fact that a good lawyer probes before giving advice. Indeed, clients do not typically even know which facts a lawyer might think relevant. (That is, in part, why they consult lawyers.) So long as the primary facts which a lawyer would think pertinent are disclosed, or the client knows the lawyer is aware of them, the predicate for an advice-of-counsel defense is laid. Even if we were to regard [counsel's] advice as questionable, he was adequately informed about the details of appellants' conduct.")

**DEFENDANTS REGER AND LYTLE INSTRUCTION NO. __**

***Non-Stipulated***

**CAUTION: ENFORCEMENT ACTIONS**

You have heard evidence of enforcement actions related to companies and individuals that are not Epsilon or the defendants. You may use the evidence of those enforcement actions to show the defendants possessed knowledge of the events described in the documents. But at the same time, you are not to use the enforcement actions as evidence of guilt of the defendants.

Source:

June 9, 2021 statements of AUSA Hetal Doshi regarding cautionary instructions during testimony of USPS agent David Forde.  Grand Jury Tr., pgs. 89-90, 182-183

Respectfully submitted,

*s/ Brian R. Leedy*

**Brian R. Leedy**
**Kevin M. McGreevy**
RIDLEY, MCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, Colorado  80202
Telephone:  (303) 629-9700
Facsimile:  (303) 629-9702
E-mail:   mcgreevy@ridleylaw.com
          leedy@ridleylaw.com


*s/ Gordon Mehler*

**Gordon Mehler**
Walden Macht & Haran LLP
250 Vesey Street, 27th Floor
New York, NY 10281
Telephone:  212-335-2957
Email:  gmehler@wmhlaw.com
**Attorneys for Defendant Robert Reger**

AND

*/s/ Melanie S. Morgan*

**Melanie S. Morgan**
MORGAN PILATE LLC
926 Cherry Street
Kansas City, MO  64106
Telephone: 816-471-6694
Email: mmorgan@morganpilate.com
**Attorney for David Lytle**

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on December 8, 2023, I electronically filed the foregoing **DEFENDANTS ROBERT REGER AND DAVID LYTLE'S PROPOSED JURY INSTRUCTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

                              *s/ Heather Grant*
                              Heather Grant