## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Senior Judge Raymond P. Moore

Criminal Case No. 21-cr-00192-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    ROBERT REGER and
2.    DAVID LYTLE,

      Defendants.

---

### ORDER DENYING MOTIONS FOR BOND PENDING APPEAL

In this criminal case, the Defendants ("Reger" and "Lytle") were convicted at trial of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and of various substantive mail and wire fraud counts in violation of 18 U.S.C. §§ 1341 and 1343. Each Defendant was sentenced to a term of imprisonment (Reger for 120 months and Lytle for 48 months), and each is scheduled to self-surrender to a designated institution in the immediate future. Reger and Lytle have filed notices of appeal. And now, only upon receiving a self-surrender date, each has filed a motion for bond or release pending appeal. Reger's motion (the "Reger Motion") is styled "Robert Reger's Motion to Continue Bond Pending Completion of Direct Appeal" and is filed at ECF No. 517. Lytle's motion (the "Lytle Motion") is styled "Defendant Lytle's Motion for Release Pending Appeal" and is filed at ECF No. 524. The Court has considered the Reger Motion and the Lytle Motion (together the "Bond Motions") as well as the government's responses to the Bond Motions (ECF No. 528 - Reger; ECF No. 527 - Lytle). For the reasons set forth below, and based on individual consideration, the Bond Motions are DENIED.

1.    *The Reger Motion*

The Reger Moton is filed under 18 U.S.C. § 3143(b)(1). More specifically, it seeks

relief pursuant to 18 U.S.C. §§ 3143(b)(1)(A) and (B)(iv) which provide in pertinent part that:

> (1) . . . [T]he judicial officer shall order that a person who has been found
> guilty of an offense and sentenced to a term of imprisonment, and
> who has filed an appeal . . . , be detained, unless the judicial officer
> finds –
>
> (A) by clear and convincing evidence that the person is not likely to
>     flee or pose a danger . . . ; and
>
> (B)  that the appeal is not for the purpose of delay and raises a
>      substantial question of law or fact likely to result in –
>
>      . . .
>
>      (iv) a reduced sentence to a term of imprisonment less than the
>      total of the time already served plus the expected duration of the
>      appeal process.

For the purposes of the Reger Motion, the Court will assume that the requirements of

§ 3143(b)(1)(A) have been met and focus instead on the § 3143(b)(1)(B) issues. Although the

timing of the Reger Motion is suggestive of being for purpose of delay, the Court will not rest on

that basis. The Reger Motion fails both with respect to identifying a substantial question of law

or fact likely to result in a reduced sentence and with respect to the legal availability of the

remedy Reger seeks (appeal bond) even if a substantial question can be shown.

The Reger Motion purports to identify two substantial questions. The first is an alleged

error in a jury instruction on the law of aiding and abetting. The second is a claimed sentencing

error referred to at sentencing and in the motion as the "merge-purge issue." Reger disagrees

with the Court's resolution of that issue which, it is said, led to acceptance of the government's

excessively high actual loss approximation. Neither argument is persuasive.

There was no error and is no substantial question with respect to the aiding and abetting instruction. Reger claims that the instruction given is erroneous as he was, Reger erroneously claims, an incidental facilitator rather than an aider and abettor. Reger argues that the instruction given is inconsistent with *Rosemond v. United States*, 572 U.S. 65 (2014)("*Rosemond*").

The instruction given was essentially the Tenth Circuit's pattern instruction on aiding and abetting. And that pattern instruction post-dates *Rosemond*. The Circuit even notes the instruction's consistency with *Rosemond* in its Comment to Instruction 2.06.

Notwithstanding the foregoing, Reger points to a footnote in *Rosemond* discussing a hypothetical about a gun store owner who simply sells a firearm knowing but not caring how it will be used. (*Rosemond*, 572 U.S. at 77, n.8.) But that is not Reger's circumstance. He, through his employer (Epsilon), did not simply sell an off-the-shelf item to one who used it for a criminal purpose. Epsilon took its database of consumer data and from it customized an address list for fraudsters. The Epsilon list was designed to increase the response rate to the fraudsters' deceptive mailings. Such conduct is hardly that of a mere facilitator.

The question raised with respect to the instruction is far from substantial. In the eyes of the Court, it borders on frivolous. But that is not the end of Reger's difficulties.

Assuming *arguendo* that error occurred in the aiding and abetting instruction, Reger ignores the fact that *Pinkerton* liability is a wholly separate and distinct basis for his convictions on the substantive counts. Indeed, in the eyes of the Court, it is the most likely and obvious basis given the conspiracy conviction. But *Pinkerton* aside, nothing in the challenged instruction impacts Reger's conspiracy conviction. He acknowledges this, Reger Motion at 12, but fails to acknowledge the consequence. Reger received a 120-month sentence on the conspiracy count concurrent with the sentences imposed on his substantive counts of conviction. Even if an

instruction error occurred on the substantive counts, it is not at all evident that the conspiracy conviction or sentence would be affected. As such, prevailing on the instruction issue is not prevailing on a "substantial question . . . likely to result in a reduced sentence."

Reger shifts to the "merge-purge issue." A detailed description of the merge-purge issue is not necessary herein. (*See* ECF No. 528 at 11-13.) Suffice it to say, after rejecting Reger's position on this issue, the Court found a high dollar, reasonably foreseeable actual loss amount under U.S.S.G. § 2B1.1(b)(1) which, in turn, contributed to a significant guideline range of 210-262. But the government had three bases for its tendered loss amount, and not all implicated the merge-purge issue. (*See* ECF No. 528 at 9-11.) This aside, Reger ignores the fact that the calculated guideline range was entirely disregarded. As the Guidelines did not drive the sentence, prevailing on the merge-purge issue does nothing meaningful in terms of the actual sentence imposed in this case.

The government notes that this is so because the Court varied downward substantially from the guideline range. True, but there is a further reason. After calculating the Guidelines at sentencing in a manner largely, but not entirely, consistent with the government's position, the Court advised that it was *disregarding* the Guidelines because they were excessive and did not capture the essence of the somewhat novel circumstances of the crimes of conviction in this case.[1]  And the Court also announced that even if it had computed the Guidelines as Reger sought, it would have disregarded those Guidelines as well. In the former instance, the Guidelines were too punitive, treating Defendants the same as the fraudulent mailers. In the

---

[1] Simplifying, Defendants worked at a company (Epsilon) which, among other things, sold address lists and consumer data to customers at standardized pricing. Such lists were customized based on sophisticated algorithms and access to the customer's in-house lists of positive responders (those who sent in money to the customer's prior solicitations). The customized lists were specifically designed to increase the positive response rate to future mailings. The Defendants engaged in such business with fraudsters who were mailers of deceptive mail offers or awards and who were direct recipients of the fraud proceeds. These business relationships were sometimes accomplished through list brokers. Neither Defendant nor Epsilon was a broker or direct mailer.

latter, the Guidelines were too lenient, not capturing the essence of the Defendants' conduct in any meaningful way. (*See* ECF No. 513 – generally and at 109-113, 152-154.) This means that the merge-purge issue, however resolved, is *not* likely to result in a reduced sentence. It is at best only likely to substitute one disregarded guideline calculation for a new guideline calculation which the Court has already advised would be disregarded as well.

Finally, there is a clear legal error which escapes Reger's notice. Even if he is correct both in characterizing his issues as substantial ones likely to result in a reduced sentence and in his calculation of the probable period for appeal (two years), he is not entitled to continuation of bond pending appeal on the motion as filed.

The relevant statute, 18 U.S.C. § 3143(b)(1), ends with a provision not quoted above that has been ignored by Reger. The additional language is:

> If the judicial officer makes such findings, such judicial officer shall order the release of the person . . . , **except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.**

(Emphasis added.)

Reger may not simply receive an appeal bond in the circumstances he presents. *United States v. Dahda*, 822 Fed. Appx. 843, 848 n. 4 (10th Cir. 2020)(unpublished). He must serve out the sentence imposed through the expiration of the likely reduced sentence. Here, Reger initially appeared on summons and has time-served credit for only *one day* of detention. The only way he avoids his reporting requirement now is to convince this Court that he likely will receive probation at resentencing. He does not even attempt to argue this outcome in the Reger Motion. And given that the Court at sentencing all but called his request for probation delusional, it is the opinion of the Court

5

that the proverbial snowball has a better chance at continued existence than Reger has of receiving probation – even if resentencing is ordered.

    2.    *The Lytle Motion*

Lytle seeks similar relief as Reger but bases his argument on a different statutory foundation – 18 U.S.C. § 3143(B)(i).  In other words, Lytle argues that he has substantial questions "likely to result in – (i) reversal." As with the Reger Motion, the Court will assume that the requirements of § 3143(b)(1)(A) have been met and focus instead on the § 3143(b)(1)(B) issues. And although the timing of the Lytle Motion, like that of the Reger Motion, is suggestive of being for purpose of delay, the Court will not rest on that basis.

Lytle raises a challenge to all counts of conviction. That challenge is a routine sufficiency of the evidence claim. Lytle contends that the trial evidence did not show that those mailing deceptive materials promising such things as a million dollars – guaranteed – in exchange for a processing or similar fee of, *e.g.*, $20.00, were engaged in fraud. And building on that, Lytle argues that the evidence was insufficient as to Lytle's knowledge of their intention even if shown to be fraudulent.

The jury heard from employees of the company for which Lytle worked, a co-conspirator from within that company, a co-conspirator broker, a co-conspirator mailer and Lytle himself. The jury had access to numerous emails to and from Lytle as well as to Lytle's One Drive which contained numerous samples of the mailings at issue.[2] In short, the jury had extensive and varying types of evidence from which to infer the intent of mailers (which is all but self-evident upon viewing the samples). It also had extensive

---

[2] Lytle testified that he did not look closely at the samples he stored on his One Drive.  The jury seems to have disagreed.

and varying evidence as to Lytle's knowledge and intent. And, as Lytle himself testified, the jury had the opportunity to make credibility determinations as well and to factor those determinations into its verdicts. As the government sets forth in more detail in its response, there simply was no scarcity of evidence. (See ECF No. 527 at 5-8.) But Lytle fails to acknowledge that evidence and nowhere explains how he prevails given that the trial evidence must be evaluated in the light most favorable to the government. The Court sees nothing in Lytle's conclusory and routine sufficiency challenge to constitute a substantial question of law or fact. That is, the Court finds the absence of a "close question" or one which "very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985).

As the sufficiency question fails to meet the § 3143(b)(1)(B) standard, Lytle's second issue fares no better. That second issue is the same jury instruction issue as was proffered by Reger. All of the discussion set forth above with respect to that issue applies with equal force to Lytle as it did to Reger. Among those points is that, like Reger, Lytle ignores *Pinkerton* liability and has no articulated basis (sufficiency aside) for contending that an instruction issue as to the substantive counts affects the conspiracy conviction in any way. The possibility, at most, of a partial reversal not affecting the conspiracy conviction or the sentence imposed is simply not enough to justify an appeal bond.

3.      *Conclusion*

Neither Reger nor Lytle has satisfied the requirements for release pending appeal.

Accordingly,

IT IS ORDERED:

That the Bond Motions, that is, the Reger Motion (ECF No. 517) and the Lytle

Motion (ECF No. 524), are DENIED. Defendants shall self-surrender as previously

instructed and Ordered.

DATED this 24th day of October, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge